### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| JAMES A. DUBOIS, | ) | CASE NO:    05 B 42235 |
| | ) | |
| DEBTOR. | ) | HONORABLE. JACQUELINE P. COX |
| | ) | BANKRUPTCY JUDGE |

### FIRST AND FINAL APPLICATION OF COUNSEL
### FOR THE TRUSTEE FOR COMPENSATION

The law firm of Shefsky & Froelich Ltd., as Counsel for the Trustee ("Applicant"), in support of its First and Final Application for Compensation and for Reimbursement of Expenses pursuant to 11 U.S.C. §§330 and 327 and Federal Rule of Bankruptcy Procedure 2016, respectfully states as follows:

## I.  INTRODUCTION

This Application is the First and Final Application filed by Applicant as counsel for the Trustee as to the above-referenced case and is for the period of time between July 1, 2007 and December 31, 2009 (hereinafter referred to as the "Application Period"), inclusive.

On September 30, 2005, Debtor, James A. Dubois ("Debtor"), filed a Petition for voluntary relief under Chapter 7 of the United States Bankruptcy Code. Shortly thereafter, Karen R. Goodman was appointed Trustee of this Estate.

On September 25, 2007, this Court entered an Order ("Order") authorizing the retention of Applicant as counsel for the Trustee, retroactive to July 1, 2007. The Order further provided that the compensation and reimbursement of Applicant's fees and expenses would remain subject to the jurisdiction and approval of this Court. At the Trustee's direction, Applicant reviewed the offer of the Debtor's wife to purchase the Debtor's right, title and interest in their residence

located at 57 Moonlight Court, Matteson, Illinois ("Property"), which, at the time the Petition was filed, was owned by the Debtor and his wife. Based upon a real estate broker's market analysis of the Property obtained by the Trustee, Applicant recommended that the Trustee accept the Debtor's offer in the amount of $12,496.50. At the further direction of the Trustee, Applicant prepared a motion to sell Debtor's interest in real estate to Debtor wife and for authority to pay Debtor's homestead exemption. The Motion was granted.

Applicant also provided services relating to the retention of the professionals in this case.

Applicant requests compensation in the amount of $3,216.00 for the 9 hours of services performed in this case by Applicant during the Application Period.

## II.    <u>LEGAL SERVICES PROVIDED</u>

For ease of reference in this Application, Applicant has created categories of legal service or areas of performance. Each category contains a narrative of the matters involved, a general description of tasks performed, and the result achieved or benefit to the Estate, all as set forth in <u>In re Continental Illinois Securities Litigation</u>, 572 F.Supp. 931 (N.D. Ill. 1983). Attached hereto and incorporated herein as Exhibit A are the detailed time records of Applicant, separated by category of service rendered. The legal services performed by Applicant as described in Exhibit A attached hereto are set forth to meet the enumerated criteria of <u>In re Wildman</u>, 73 B.R. 700 (Bankr. N.D. Ill. 1987) and <u>In re Pettibone Corporation</u>, 74 B.R. 293 (Bankr. N.D. Ill. 1987). The major categories of activities in which Applicant was engaged and/or participated were:

A.    Activities Related to Sale of Assets

B.    Activities Related to Professionals

Applicant submits that the efforts put forth amply support the allowance of the compensation requested herein. The services rendered by Applicant, separated by category, are as follows:

A.   **ACTIVITIES RELATED TO SALE OF ASSETS**

At the Trustee's request, Applicant reviewed and recommended acceptance of the offer of the Debtor's wife to purchase Debtor's right, title and interest in the Property. Applicant prepared and filed a Motion to Sell Debtor's Interest in Real Estate and for Authority to Pay Debtor's Homestead Exemption.

**BENEFIT TO THE ESTATE**

Applicant's efforts in this category efficiently and successfully resulted in the sale of the Debtor's interest in the Property, which was the sole asset of the Estate. The sale will result in a payment in full of all administrative expenses, payment in full plus interest to unsecured creditors and payment of the surplus to the Debtor.

**Summary**

**Hours & Fees for Category**

| | | | |
|---|---|---|---|
| KRG | Karen R. Goodman | 3.0 hours @ $380/hr | $1,140.00 |
| SAH | Sherry A. Hojnacki | 1.2 hours at $160/hr | 192.00 |
| **Total Hours & Fees** | | **4.2 hours** | **$1,332.00** |

B.   **ACTIVITIES RELATED TO PROFESSIONALS**

This category sets forth Applicant's efforts regarding the Trustee's retention of Applicant and accountants for the Estate.

## BENEFIT TO THE ESTATE

As a result of Applicant's efforts in this category, the professionals employed by the Trustee in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules, as they are implemented in this jurisdiction, have greatly assisted in the administration of the Estate.

### Summary

### Hours & Fees for Category

| KRG | Karen R. Goodman | 2.3 hours @ $380/hr | $  874.00 |
|---|---|---|---|
| KRG | Karen R. Goodman | 1.5 hours @ $400/hr | 600.00 |
| KRG | Karen R. Goodman | 1.0 hours @ $410/hr | 410.00 |
| **Total Hours & Fees** | | **4.8 hours** | **$1,884.00** |

## III.   PROFESSIONALS EMPLOYED

Applicant provided the collective skill and experience of the following attorneys on behalf of the Trustee:

**KAREN R. GOODMAN (KRG)** is a 1977 graduate of Loyola University School of Law, a former partner in the law firm of Hinshaw & Culbertson and a current shareholder in the law firm of Shefsky & Froelich, Ltd. Ms. Goodman regularly represents Creditors, Creditors' Committees, Trustees and other parties before the Bankruptcy Court and handles litigation of other commercial matters in Federal and State Court. She is a member of the Federal Trial Bar, the Illinois and Chicago Bar Association, the Chicago Bar Association Bankruptcy and Reorganization Committee, the National Association of Bankruptcy Trustees and the American Bankruptcy Institute. Ms. Goodman has been a member of the Panel of the Chapter 7 Trustees of the Northern District of Illinois since 1989.

**SHERRY A. HOJNACKI (SAH)** joined Shefsky & Froelich as a real estate paralegal in 2005. Ms. Hojnacki has 15 years of experience working in real estate. She graduated from Northern Illinois University in 1995 with a Bachelor of Arts degree in education.

### IV.    APPLICANT'S STATEMENT PURSUANT TO 11 U.S.C. §329, §504 AND BANKRUPTCY RULE 2016

Except with respect to the sharing of compensation authorized under §505(b) of the Bankruptcy Code, Applicant has not shared or agreed to share any award of fees received in connection with this case with any person, firm or entity. There does not exist any agreement or understanding between Applicant, associates or employees and any other person, firm or entity with respect to the sharing of compensation herein. No agreements or understanding exist regarding compensation with any person, firm or entity.

### V.    STANDARDS FOR REVIEW OF APPLICATION

Every effort has been made to prepare this Application in accordance with the guidelines established in the cases of In re Continental Securities Litigation, 572 F.Supp. 932 (N.D. Ill. 1983), In re Wildman, 72 B.R. 700 (Bankr. N.D. Ill. 1987), and In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987). While the Court has wide discretion in reviewing a fee application, such authority must be dispensed with great care and fairness, In re Wildman, 72 B.R. at 705, while keeping in mind that the well-accepted goal is to encourage and induce capable attorneys to practice in the Bankruptcy Court. In re Pettibone. 74 B.R. at 306. Moreover, the Court should focus on the benefits to the estate and the quality of the performance of counsel in the context of the case as a whole. See, In re Boston & Marine Corporation. 726 F. 2d 2 (1st Cir. 1985).

Applicant further suggests that the Application should be viewed within the context of being presented by and on behalf of counsel for a Trustee who have provided value and a benefit to this Estate by their independence and presence in the case.

Applicant does not apply a uniform amount of time to a particular activity. The time entries listed in Exhibit A have been kept on a tenth (1/10) of an hour basis and reflect actual time spent by the attorney to whom the time is attributed. The Court, however, should be sensitive to the reality that sometimes bankruptcy cases do not lend themselves to meticulous timekeeping. Often times an attorney's need to concentrate, the press of time, and the emotion and energy involved interferes with timekeeping and exacting detail. Although great care has been utilized to keep accurate time, the Court should focus on the great benefit to the estate accomplished by the services performed by Applicant in the context of the entire case. In re Boston & Marine Corp., 726 F.2d at 10.

Applicant has further endeavored to avoid grouping a number of unrelated activities into the same time entry. The Court should, however, acknowledge that in a case involving various complex issues, such as those presented in this case, meetings and telephone conferences will involve the discussions of numerous topics and several telephone calls may be made to a number of parties in rapid succession on one or more topics. The entries elaborated describe each activity, and in many cases, the necessity thereof. Such groupings are unavoidable to a certain extent, but the informative explanation contained in Exhibit A serves to further describe and delineate the time spent.

## VI.    CONCLUSION AND REQUEST FOR ALLOWANCE AND PAYMENT OF COMPENSATION

For the above and foregoing reasons, and in consideration of the time and labor required and performed in this case; the novelty and difficulty of the matters herein; the skill required to properly and efficiently perform the legal services outlined above; the customary fees involved in comparable cases; the experience, reputation and ability of Applicant and especially in light of the results achieved, Applicant respectfully requests the attorneys fees in the amount of

$3,216.00 be determined reasonable and justified, that the fees requested be allowed and payment thereof be made forthwith.

WHEREFORE, Applicant respectfully prays that it be awarded reasonable compensation of $3,216.00 for legal services rendered in this case and for such further relief as this Court may deem just.

Respectfully submitted,

SHEFSKY & FROELICH LTD.

By:    /s/ Karen R. Goodman
       One of its Attorneys

Karen R. Goodman (1008242)
SHEFSKY & FROELICH LTD
111 East Wacker Drive
Suite 2800
Chicago, Illinois 60601-3713
Telephone No.: (312)524-4000
Fax No.: (312)527-5921

1140618

**LEGAL SERVICES OF SHEFSKY & FROELICH LTD. AS ATTORNEY FOR TRUSTEE**
**IN RE JAMES A. DUBOIS**
**CASE NO.:  05 B 42235**

### ACTIVITIES RELATED TO SALE OF ASSETS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 08/30/07 | KRG | PREPARE MOTION TO SELL DEBTOR'S INTEREST IN PROPERTY AND NOTICE TO CREDITORS | 2.00 | 380 | $ 760.00 |
| 09/25/07 | KRG | COURT APPEARANCE RE MOTION TO SELL DEBTOR'S INTEREST IN RESIDENCE | 1.00 | 380 | 380.00 |
| 10/03/07 | SAH | RECEIVED AND REVIEWED CORRESPONDENCE FROM KAREN GOODMAN; PREPARE QUIT CLAIM DEED, GRANTOR/GRANTEE STATEMENT AND REAL ESTATE TRANSFER DECLARATIONS | 1.20 | 160 | 192.00 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **3.00** | **280** | **$1,140.00** |
| **SAH** | **SHERRY HOJNACKI** | | **1.20** | **160** | **192.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **4.20** | **Hours** | **$1,332.00** |

### ACTIVITIES RELATED TO PROFESSIONALS

| DATE | ATTY | ACTIVITY | TIME | RATE | TIME VALUE |
|---|---|---|---|---|---|
| 08/30/07 | KRG | PREPARE MOTION TO RETAIN COUNSEL FOR TRUSTEE | 1.30 | 380 | $ 494.00 |
| 09/25/07 | KRG | COURT APPEARANCE RE MOTION TO RETAIN COUNSEL | 1.00 | 380 | 380.00 |
| 03/31/08 | KRG | PREPARATION OF MOTION TO RETAIN ACCOUNTANT | .50 | 400 | 200.00 |
| 04/22/08 | KRG | COURT APPEARANCE RE MOTION TO RETAIN ACCOUNTANT | 1.00 | 400 | 400.00 |
| 12/31/09 | KRG | PREPARATION OF APPLICATION FOR COMPENSATION FOR TRUSTEE'S COUNSEL. | 1.00 | 410 | 410.00 |

Recap of Time for Task:

| | | | | | |
|---|---|---|---|---|---|
| **KRG** | **KAREN R. GOODMAN** | | **2.30** | **380** | **$ 874.00** |
| **KRG** | **KAREN R. GOODMAN** | | **1.50** | **400** | **600.00** |
| **KRG** | **KAREN R. GOODMAN** | | **1.00** | **410** | **410.00** |
| | **TOTAL TIME VALUE FOR TASK:** | | **4.80** | **Hours** | **$1,884.00** |

**TIME VALUE TOTAL:**                                              **$3,216.00**